## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A.  BATES LYONS, | **]** | C.A. NO.: 3:23-cv-594 |
| Plaintiff, | **]** | |
| v. | **]** | |
| CITY OF HARTFORD, | **]** | **COMPLAINT & JURY DEMAND** |
| OFFICER GAMALIEL PEREZ, | **]** | |
| OFFICER JANE DOE, IN THEIR | **]** | |
| INDIVIDUAL  CAPACITIES; | **]** | |
| | **]** | |
| Defendants. | **]** | MAY 8, 2023 |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.  The Plaintiff, Mr. A Bates Lyons, brings this civil action for violations of the Plaintiff's civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourth, and/or Fourteenth Amendments to the United States Constitution, Article One §§ 7 and 9 of the Connecticut Constitution, and laws of the State of Connecticut, for which he seeks damages, attorney's fees, and costs.

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983 and 1988, and the Fourth, and/or Fourteenth Amendments to the United States Constitution.

3. This Court may also exercise supplemental jurisdiction over the Plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367(a).

4. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## III. PARTIES

5. The Plaintiff, at all times mentioned herein, was a United States citizen and resident of Torrington, Connecticut.

6. Defendant, City of Hartford (hereinafter also the "City"), is a municipal corporation and political subdivision organized and existing under the laws of the State of Connecticut and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives. The Hartford Police Department is an agency of the City.

7. At all times during the incident described herein, Defendant Gamaliel Perez was a Police Officer for the City of Hartford, Connecticut's Police Department ("hereinafter Defendant Perez"). At all times herein, Defendant Perez was acting within the course and scope of his employment, with all the actual and/or apparent authority attendant thereto, and under color of state law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the United States and the State of Connecticut. Defendant Perez is sued in his individual capacity.

8. At all times during the incident described herein, Defendant Jane Doe was a Police Officer for the City of Hartford, Connecticut's Police Department ("hereinafter Defendant Doe"). At all times herein, Defendant Doe was acting within the course and scope of her employment, with all the actual and/or apparent authority attendant thereto, and under color of state law, that is, under color of the Constitution, statutes, laws, charters, ordinances,

rules, regulations, customs, and usages of the United States and the State of Connecticut. Defendant Doe is sued in his individual capacity.

9.  At all times herein mentioned, under the totality of circumstances, the actions of the Defendants, individually and/or in concert, were objectively unreasonable and/or in conscious disregard for the health, safety, and civil rights of the Plaintiff.

10. At all times herein mentioned, the Defendants acted jointly and in concert with each other, and each such Defendant had the duty and reasonable opportunity to protect the Plaintiff from negligent, reckless, willful, knowing and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite reasonable opportunity to do so, thereby proximately causing the injuries complained of herein.

## IV. JURY DEMAND

11. The Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. STATEMENT OF FACTS

### *The OUI Checkpoint Stop*

12. On May 6, 2021, sometime between the hours of approximately 6:32 P.M. and 7:16 P.M., the Plaintiff was operating his motor vehicle when he encountered a police checkpoint located at 217 Wethersfield Avenue, in the City of Hartford, Connecticut.

13. The Plaintiff proceeded carefully in his motor vehicle through the checkpoint, displaying no evidence of difficulty of operation, at which point the Plaintiff was stopped by Defendant Perez, who then approached the Plaintiff and began to talk to the Plaintiff at the driver-side window of the Plaintiff's vehicle.

14. The Plaintiff, who was 76 years old at the time, was wearing a facemask while speaking with Defendant Perez. Defendant Perez remarked that he could smell alcohol emanating from the Plaintiff. The Plaintiff replied that he did not know how that would be possible but admitted to Defendant Perez that the Plaintiff had a vodka drink approximately six hours prior.

15. Officer Perez then asked the Plaintiff to operate the Plaintiff's motor vehicle so that the Plaintiff could park the car away from traffic. The Plaintiff followed the Defendant's instruction without issue and parked the car.

16. Defendant Perez asked the Plaintiff to step out of the Plaintiff's vehicle to conduct Standardized Field Sobriety Tests (hereinafter "SFSTs"), to which the Plaintiff agreed. Defendant Perez said to the Plaintiff, "if you're okay, you'll be outta here in a few minutes." The Plaintiff told Defendant Perez that he would be unable to do any balance test because of the Plaintiff's age and physical limitations that would present difficulty with such a task. When asked by Defendant Perez if he had any medical conditions or trouble with his legs to perform the SFSTs, the Plaintiff told Defendant Perez that he recently had a stroke and that his balance was weak. Defendant Perez made no further comment to the Plaintiff about the Plaintiff's medical issues. Defendant Perez asked for no proof, evidence, or documentation of any kind that the Plaintiff was telling the truth about these medical issues.

17. Ignoring the Plaintiff's attempts at explaining how physical ailments and disabilities may impact his performance on the SFSTs, Defendant Perez proceeded to put the Plaintiff through a litany of tests, including the Walk and Turn test and the One-Legged Stand Test. The Plaintiff again warned Defendant Perez that the Plaintiff could not do the Walk and Turn test because of the Plaintiff's difficulty balancing. Defendant Perez insisted the Plaintiff could do it anyway and gave the Plaintiff instructions to start. In his incident report, Defendant Perez intentionally mischaracterized the Plaintiff's performance, including

4

falsely describing the Plaintiff's attempt to mirror Perez's instructions as a "false start." When asked to perform the One-Legged Stand test, the Plaintiff again expressed his inability to perform that sort of test due to the Plaintiff's physical disabilities. Defendant Perez again ignored the Plaintiff and instead told the Plaintiff to "give it a shot", While performing the test, the Plaintiff repeatedly expressed his physical issues contributing to a difficulty in maintaining his balance.

18. Following the SFSTs, Defendant Perez had yet to make his decision to arrest the Plaintiff. Instead, Defendant Perez then asked the Plaintiff to submit to a preliminary breath test, to which the Plaintiff immediately agreed and blew a result of .07, which is under the legal limit for blood alcohol content for the State of Connecticut when operating a motor vehicle.

### *The Decision to Arrest the Plaintiff Illegally*

19. Defendant Perez, now knowing for certain that the Plaintiff was not in violation of any law of the State of Connecticut, could have told the Plaintiff he was free to leave, as Defendant Perez had promised the Plaintiff earlier. Instead, Defendant Perez then asked the Plaintiff for the first time if the Plaintiff did any drugs, to which the Plaintiff replied "no."

20. In the video of the incident, Defendant Jane Doe is seen at this point motioning to Defendant Perez with her hand in an "up and down" fashion, as if to ask Defendant Perez if the Plaintiff blew over or under. Defendant Perez motioned Defendant Jane Doe to come closer. As heard on the video, Defendant Perez announces that he is "speaking with the officer" and appears to attempt to mute his body camera microphone, but fails. The audio picks up Defendant Perez tell Defendant Jane Doe in Spanish, "punto zero siete," which means ".07" or under the legal limit. Defendant Jane Doe is then heard saying "go over" twice, to which Defendant Perez replies in Spanish, "esta verdad" (that's right). Defendant Perez then tells the Plaintiff that the Plaintiff has "had a little too much" and that the Plaintiff was under arrest for

operating under the influence.

21. Defendant Perez then handcuffed the Plaintiff and escorted him to a nearby police mobile unit. While therein, Defendant was asked twice if he would provide a breath sample to determine his blood-alcohol content using the Hartford Police Department's breathalyzer device. On both occasions, the Plaintiff agreed that he would. Not accepting the Plaintiff's agreement to take the tests, Defendant Perez asked the Plaintiff a third time to take the test and the Plaintiff again said that he would, but then asked what would happen if he decided to not take the test. Defendant Perez then told the Plaintiff "the same thing happens" either way. The Plaintiff, just wanting to get home, then declined to provide samples and the incident report notes that the Plaintiff refused.

22. Defendant Perez was the only Hartford police officer that submitted an incident report in connection with the Plaintiff's arrest. The incident report is replete with errors, lies, and omissions, including, but not limited to:

    a. Identifying the Plaintiff as white, when the Plaintiff is a black man;

    b. Noting the start-time of the incident as both 6:32 P.M. and 7:16 P.M.;

    c. Lying about the Plaintiff's response to questions about whether the Plaintiff had any medical conditions that would present a problem with the Plaintiff taking the SFSTs;

    d. Making no mention at all of the several attempts of the Plaintiff to describe to Defendant Perez the Plaintiff's various physical ailments and limitations;

    e. Making no mention of the preliminary breath test conducted, the Plaintiff's clear agreement to the same, and the exculpatory nature of the .07 reading taken therefrom;

    f. Misrepresenting the nature of the Plaintiff's purported refusal to take the

breathalyzer test in the police van, reporting that the Plaintiff was asked to take the test and responded by saying, "no," omitting mention of the previous three times the Plaintiff had agreed to take the test;

23. As a result of this arrest, the Plaintiff was forced to retain private counsel and defend himself in two separate legal actions. The first such action was in the form of a Connecticut Department of Motor Vehicles administrative hearing to determine whether the automatic suspension of the Plaintiff's license should be upheld. Ultimately, a Hearing Officer appointed by the Commissioner for the Department of Motor Vehicles ordered that the Plaintiff's license be restored, in part due to the "inconsistencies between the police report and the video […] providing substantial evidence of unreliability in the facts alleged in the arresting officer's report."

24. Equally if not more concerning, the Plaintiff was also forced to defend himself in criminal court to the charge of operating under the influence in violation of Conn. Gen. Stat. Section 14-227a, a misdemeanor. In that case, after several court appearances, the State's Attorney's Office decided to drop the charges and agreed to a dismissal of the case after the prosecutor reviewed the video of the incident.

## VI. DAMAGES

25. Defendants' unjustified, unreasonable, unlawful, intentional, wanton, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions caused the Plaintiff to be unlawfully detained and falsely arrested.

26. The acts and omissions of Defendants were reckless, wanton, willful and malicious and beyond the scope of their official employment.

27. The Defendants knew or should have known that severe injuries was the likely result of such conduct.

28. As a direct and proximate result of the Defendants' intentional, bad faith, willful, wanton, reckless, deliberately indifferent acts and omissions, the Plaintiff suffered severe emotional distress and sustained injuries and damages, including pain and suffering, injuries, great humiliation, indignities and embarrassment, degradation, anxiety, stress, emotional and mental distress, loss of sleep, loss of earnings, losses due to medical expenses, loss of wages and other related expenses, loss of enjoyment of life, loss of liberty, and strained family relations.

29. The Defendants knew or should have known that emotional distress was the likely result of such conduct.

30. The Plaintiff's distress was foreseeable and severe enough to cause illness or bodily harm.

31. By reason of the above-described acts and omissions of the Defendants, the Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the action herein, so that he might vindicate the loss and impairment of his rights, all for which he is entitled to monetary relief.

## VII. CAUSES OF ACTION

### Count One - Deprivation of Fourth Amendment Rights & 42 U.S.C. § 1983 – False Arrest
**(Against all Individual Defendants)**

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-31 hereinabove with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of the individual Defendants, as employees of the Defendant City of Hartford were carried out under the color of state law within the scope of their employment and authority.

34. The acts complained of were carried out by the individual Defendants in their capacities as

8

police officers of the Hartford Police Department, with all the actual and/or apparent authority attendant thereto.

35. The Fourth Amendment to the United States Constitution, as incorporated in the Fourteenth Amendment and as enforced through 42 U.S.C. § 1983, prohibits unreasonable seizures, and requires a seizure to be supported by probable cause.

36. The individual Defendants, without a warrant, seized the Plaintiff, forcibly put the Plaintiff into handcuffs, placed the Plaintiff under arrest without any reasonable cause to believe that the Plaintiff had committed, was committing, or was about to commit any offense, and intentionally caused the Plaintiff to be arrested absent probable cause.

37. As a direct and proximate result of the unlawful acts and conduct complained of, the individual Defendants deprived the Plaintiff of his constitutional right to be free from unlawful seizures and caused the Plaintiff to be damaged as described above.

**<u>Count Two – False Arrest Under the Law of the State of Connecticut</u>**
**(Against All Individual Defendants)**

38. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-37 hereinabove with the same force and effect as if fully set forth herein.

39. The individual Defendants, while acting in concert, and within the scope of their employment and authority, without a warrant, seized the Plaintiff, forcibly put the Plaintiff into handcuffs, placed the Plaintiff under arrest without any reasonable cause to believe that the Plaintiff had committed, was committing, or was about to commit any offense, and intentionally caused the Plaintiff to be arrested absent probable cause.

40. The Plaintiff was aware of—and did not consent to—his arrest, which deprived the Plaintiff of the rights, liberties, privileges, freedoms, and immunities guaranteed by Article First, § 7 of the Connecticut Constitution, namely, the right to not be subject to an unlawful

restraint of his physical liberty without probable cause.

41. As a direct and proximate result of the unlawful acts and conduct complained of, the individual Defendants deprived the Plaintiff of his constitutional and state law rights and, caused the Plaintiff to be damaged as described above.

## Count Three - Deprivation of Federal Rights Under 42 U.S.C. § 1983 for False Imprisonment
### (Against All Individual Defendants)

42. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-41 hereinabove with the same force and effect as if fully set forth herein.

43. The individual Defendants intentionally had the Plaintiff arrested and such arrest was not supported by probable cause.

44. All of the aforementioned acts of the individual Defendants, as employees of the Defendant City of Hartford, were carried out under the color of state law.

45. All of the aforementioned acts deprived the Plaintiff of the rights, liberties, privileges, freedoms, and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. As a direct and proximate result of the unlawful acts and conduct complained of, the individual Defendants deprived the Plaintiff of his constitutional rights to be free from unlawful seizure and false imprisonment and caused the Plaintiff to be damaged as described above.

## Count Four - False Imprisonment Under the Law of the State of Connecticut
### (Against All Individual Defendants)

47. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-46 hereinabove with the same force and effect as if fully set forth herein.

48. The individual Defendants intentionally caused the Plaintiff to be arrested and such arrest was not supported by probable cause.

49. The Plaintiff was aware of—and did not consent to—his arrest, which deprived the Plaintiff of the rights, liberties, privileges, freedoms, and immunities guaranteed by Article First, § 7 of the Connecticut Constitution, namely, the right to not be subject to an unlawful restraint of his physical liberty without probable cause

50. As a direct and proximate result of the unlawful acts and conduct complained of, the individual Defendants deprived the Plaintiff of his constitutional and state law rights and, caused the Plaintiff to be damaged as described above.

**Count Five – Deprivation of Federal Rights Under 42 U.S.C. § 1983 for Malicious Prosecution**
**(Against all Individual Defendants)**

51. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 -50 hereinabove with the same force and effect as if fully set forth herein.

52. The individual Defendants charged the Plaintiff with Operating a Motor Vehicle while Under the Influence of Drugs and/or Alcohol.

53. The individual Defendants acted with malice in doing so.

54. The individual Defendants did not have probable cause to arrest and charge the Plaintiff with Operating a Motor Vehicle while Under the Influence of Drugs and/or Alcohol, or to initiate a criminal proceeding against him.

55. As a result of the misconduct of the individual Defendant, criminal proceedings were commenced against the Plaintiff and continued for several months.

56. All charges against the Plaintiff were dismissed by the Superior Court.

57. As a result of the foregoing, the Plaintiff's Fourth Amendment protection against malicious prosecution has been violated and the Plaintiff has been irreparably damaged.

## Count Six –Malicious Prosecution Under the Law of the State of Connecticut
**(Against All Individual Defendants)**

58. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 -57 hereinabove with the same force and effect as if fully set forth herein.

59. The individual Defendants charged the Plaintiff with Operating a Motor Vehicle while Under the Influence of Drugs and/or Alcohol.

60. The individual Defendants acted with malice in doing so.

61. The individual Defendants did not have probable cause to arrest and charge the Plaintiff with Operating a Motor Vehicle while Under the Influence of Drugs and/or Alcohol, or to initiate a criminal proceeding against him.

62. As a result of the misconduct of the individual Defendant, criminal proceedings were commenced against the Plaintiff and continued for several months.

63. All charges against the Plaintiff were dismissed by the Superior Court.

64. As a result of the aforesaid conduct, the Plaintiff's state of Connecticut rights to be free from unreasonable seizure and false arrest has been violated, and the Plaintiff has been irreparably damaged.

## Count Seven–Deprivation of Federal Rights Under 42 U.S.C. § 1983 for Failure to Intervene
**(Against All Individual Defendants)**

65. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-64 hereinabove with the same force and effect as if fully set forth herein.

66. Each individual Defendant, had an affirmative duty to intervene on behalf of the Plaintiff, whose constitutional rights were being violated in that Defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic and reasonable opportunity to do so, in violation of the Plaintiff's rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States of

America, in violation of 42 U.S.C. § 1983.

67. As a result of Defendants' conduct, the Plaintiff sustained loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### Count Eight - Intentional Infliction of Emotional Distress
**(Against All Individual Defendants)**

68. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-67 hereinabove with the same force and effect as if fully set forth herein.

69. The individual Defendants knew, or should have known, that their extreme and outrageous actions and conduct were likely to result in severe emotional distress to the Plaintiff.

70. The individual Defendants, acting in concert and within the scope of their employment, authority, engaged in actions and conduct that were extreme and outrageous.

71. The individual Defendants' extreme and outrageous actions and conduct caused the Plaintiff severe emotional distress and related physical distress and bodily injury and other damages, as set forth herein.

### Count Nine - Negligent Infliction of Emotional Distress
**(Against All Individual Defendants)**

72. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-71 hereinabove with the same force and effect as if fully set forth herein.

73. It was foreseeable, and the individual Defendants should have known, that their extreme and outrageous actions and conduct were likely to cause and created an unreasonable risk of causing severe emotional distress to the Plaintiff.

74. The individual Defendants' actions and conduct caused the Plaintiff to suffer severe emotional distress and other damages, including but not limited to stress, anxiety, trauma, fear of police officers, humiliation, and loss of dignity, as set forth herein.

75. The Plaintiff's emotional distress was reasonable under the circumstances.

## Count Ten - Municipal Liability for Negligence per Conn. Gen. Stat. § 52-557n
### (Against Defendant-City of Hartford)

76. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-75 hereinabove with the same force and effect as if fully set forth herein.

77. The City of Hartford is liable to the Plaintiff in accordance with Conn. Gen. Stat. § 52-557n, in that City of Hartford police officers' negligence caused damage to the Plaintiff, who was at all times relevant hereto an identifiable victim that was subjectedto foreseeable imminent harm, which did, in fact occur.

78. Defendant City of Hartford is legally liable to pay on behalf of Defendants all sums which Defendants become obligated to pay by reason of the aforesaid causes of action imposed upon such employee by law for damages awarded for the violation of common law rights and the infringement of the civil rights and physical damages to the person and/or property of the Plaintiff as a result of the events complained of herein.

79. The individual Defendants were acting within the scope of their employment and official duties with Defendant City of Hartford and under color of law.

80. The individual Defendants owed Plaintiff a duty to exercise reasonable care.

81. The individual Defendants breached those duties by their conduct set forth above.

82. Even to the extent that the individual Defendants were performing discretionary functions:

   a.  they disregarded the risk of imminent harm to the Plaintiff, an identifiable person; and/or

   b.  their actions involved malice, malice, malicious intent to vex or trouble, and/or intent to injure.

83. As a direct and proximate result of the conduct of the individual Defendants, municipal employees of the City of Hartford, the Plaintiff suffered injuries as described above.

**Count Eleven – Indemnification For Liability per Conn. Gen. Stat. § 7-465**
**(Against Defendant-City of Hartford)**

84. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-83 hereinabove with the same force and effect as if fully set forth herein.

85. The City of Hartford is liable to the Plaintiff, in accordance with Conn Gen. Stat. § 7-465, in that the municipality is required to indemnify municipal employees who cause physical injury and/or violate an individual's civil rights.

86. Defendant, City of Hartford is legally liable to pay on behalf of Defendants all sums which the individual Defendants become obligated to pay by reason of the aforesaid causes of action imposed upon such employee by law for damages awarded for the violation of common law rights and the infringement of the civil rights and physical damages to the person and/or property of the Plaintiff as a result of the events complained of herein, consistent with the Plaintiff's Notice of Intent to Sue, timely filed pursuant to C.G.S. Section 7-465.

87. The individual Defendants were acting within the scope of their employment and in the performance of official duties with Defendant City of Hartford and under color of law.

88. The individual Defendants' negligent misconduct subjected the Plaintiff, an identifiable person, to imminent harm.

89. As a direct and proximate result of the conduct of the individual Defendants, municipal employees of the City of Hartford, the Plaintiff suffered injuries as described above.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands:

1. A trial by a jury of his peers;

2. Punitive damages, in an amount to be determined at trial;

3. Compensatory damages, in an amount to be determined at trial;

4. Attorney's fees, pursuant to 42 U.S.C. §§ 1983 & 1988;

5. Costs;

6. Injunctive relief; and

7. Any and all other equitable relief in accordance with the claims of the Plaintiff, as the Court deems appropriate.

Dated: May 8, 2023

                                PLAINTIFF, A BATES LYONS

                                BY: _____
                                Daniel Fernandes Lage, Esq (ct30196)
                                Ruane Attorneys at Law, LLC
                                1 Enterprise Drive, Suite #305
                                Shelton, CT 06484
                                Tel: (203) 925-9200
                                Fax: (203) 925-9207
                                daniel@ruaneattorneys.com

                                *Attorney for Plaintiff*