UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A. BATES LYONS | : | NO.: 3:23-CV-00594 (VAB) |
| v. | : | |
| CITY OF HARTFORD, ET AL | : | JULY 24, 2023 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

| | |
|---|---|
| Date Complaint Filed: | May 8, 2023 |
| Date Complaint Served: | May 18, 2023 |
| Date of Officer Gamaliel Perez's Counsel's Appearance: | June 8, 2023 |
| Date of City of Hartford's Counsel's Appearance | June 8, 2023 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16, undersigned counsel for the parties conferred on July 24, 2023, as well as by exchanging drafts of this report by e-mail. The participants were J. Patten Brown, III, for the plaintiff; A. Bates Lyons, Nathalie Feola-Guerrieri for defendant City of Hartford and Ashley L. Hoyt for Officer Gamaliel Perez.

**I.   CERTIFICATION**

Undersigned counsel certifies that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

    **A.     Subject Matter Jurisdiction**

The plaintiff submits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1983 and 1988.

    **B.     Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF THE CASE**

    **A.     Claims of the Plaintiffs**

The plaintiff claims that he is a 78-year-old who was subjected to an arrest without probable cause or warrant by the City of Hartford and its employees, Officer Gamaliel Perez and Officer Jane Doe, both also named as Defendants. Plaintiff brings various claims under §1983 and Connecticut law of false arrest, false imprisonment, malicious prosecution, failure to intervene, intentional infliction of emotional distress and negligent infliction of emotional distress against the individual defendants. Additionally, the plaintiff brings claims against the City of Hartford pursuant to C.G.S. §§ 52-557n and 7-465.

    **B.     Defenses and Claims**

The defendants deny the material allegations of the Complaint and asserts various affirmative defenses, including failure to state a claim, qualified immunity, and governmental immunity.

**IV.     STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:    None at this time.

**V.     CASE MANAGEMENT PLAN**

   **A.     Standing Order on Scheduling in Civil Cases**

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

   **B.     Initial Disclosures**

Initial Disclosures will be exchanged by **August 23, 2023.**

   **C.     Scheduling Conference with the Court**

The parties **do not** request a pretrial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

   **D.     Early Settlement Conference**

   1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

   2.     The parties **do not** request an early settlement conference.

   3.     The parties prefer a settlement conference with a United States Magistrate Judge.

   4.     At the present time, the parties **do not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E. **Joinder of Parties and Amendment of Pleadings**

1. The plaintiff filed the original Complaint in the Connecticut District Court on May 8, 2023.

2. Plaintiff shall have until **August 10, 2023** to file an amended complaint or join additional parties. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

3. Defendant shall have until **September 9, 2023** to file motions to join additional parties and to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

F. **Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: all of the plaintiff's claims, all of the affirmative allegations of the defenses, prior history of the parties and damages. The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objects to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

2. All discovery including depositions of expert witnesses pursuant to Fed. Civ. P. 26(b)(4) will be commenced immediately and completed by **October 10, 2024**.

3. Discovery will not be conducted in phases.

4. The parties will exchange Initial Disclosures pursuant to Fed. R. Civ. P.

26(a)(1) by **August 23, 2023.**

5. Plaintiff anticipates that they will take approximately **6** depositions of fact witnesses. Defendants anticipate taking **4** depositions. However, the parties may require more if rebuttal fact witnesses become necessary. The depositions will be commenced following the filing of the parties' Rule 26(f) Report and will be completed by **October 10, 2024**.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **April 10, 2024**, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by **June 10, 2024**, a date not later than two months before the deadline for completing all discovery.

8. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a)(2) by **August 10, 2024**, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by **October 10, 2024** a date not later than the discovery cutoff date.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by **October 31, 2023**.

10. The undersigned counsel has discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored

information, appropriate steps to preserve electronically stored information, and the allocation of costs in assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:

The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint.  The parties will reach further agreement on exactly the form the disclosure of the electronic information will take.  Both sides agree to instruct the parties to preserve these records.  As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

11.    The undersigned counsel has discussed discovery procedures that minimize the risk of waiver of privilege or work product protection, including procedures for asserting privilege claims after production. Pursuant to Fed. R. Evid. 502(e), the parties expressly agree that the inadvertent production of privileged information will not constitute a waiver of the privilege.  The parties agree to the following procedures for asserting claims of privilege after production: if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel immediately, and the disclosing party will have 30 days to assert the privilege and seek the return of the information.

The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-production protection applies and further not to duplicate that information or further disclose it.  That parties further agree to utilize Local Rule 26(e)'s privilege log under that rule's terms and conditions, with

exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute.  In the event that any information that is privileged or subject to work-product protection is disclosed, Fed. R. Civ. P. 26(b)(5)(B) shall control.

### G. Dispositive Motions

Dispositive Motions will be filed on or before **December 10, 2024**.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on trial Memoranda in Civil Cases will be filed by **January 10, 2025**, or 60 days after the Court's ruling on any dispositive motion, whichever is later.

## VI. TRIAL READINESS

The case will be ready for trial by **January 10, 2025**, or 30 days after the submission of the Joint Trial Memorandum, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF,<br>A. BATES LYONS | DEFENDANT,<br>OFFICER GAMALIEL PEREZ |
|---|---|
| By   /s/ J. Patten Brown, III<br>   J. Patten Brown, III<br>   Law Offices of Pat Brown<br>   43 West Main Street<br>   Avon, CT 06001<br><br>   600 State Street, Suite 412<br>   New London, CT 06320<br>   Phone: (860) 878-4311<br>   Fax: (860) 404-2568<br>   E-mail: jpb@patbrownlaw.com | By /s/ Ashley L. Hoyt<br>   Thomas R. Gerarde (ct05640)<br>   Ashley L. Hoyt (ct31364)<br>   Howd & Ludorf, LLC<br>   100 Great Meadow Road,<br>    Suite 201<br>… Wethersfield, CT 06109<br>   (860) 249-1361<br>   (860) 249-7665 (Fax)<br>   E-mail: tgerarde@hl-law.com<br>   E-mail: ahoyt@hl-law.com |

DEFENDANT,
    CITY OF HARTFORD

By /s/ Nathalie Feola-Guerrieri
   Nathalie Feola-Guerrieri (ct17217)
   Senior Assistant Corporation Counsel
   City of Hartford
   550 Main Street, Suite 210
   Hartford, CT  06103
   Phone: 860 757-9700
   Fax: 860 722-8114
   E-mail: feoln001@hartford.gov

## **CERTIFICATION**

      This is to certify that a copy of the foregoing Rule 26(f) Report of Parties' Planning Meeting was or will immediately be mailed or delivered electronically or non-electronically on July 24, 2023, to all parties and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

                                                /s/ Ashley L. Hoyt
                                        Ashley L. Hoyt